FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 17 2014 ★
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

David Concilio individually and
on behalf of all others similarly situated

**Plaintiff,**

v.

The Schreiber Law Firm, PLLC
And Credigy Receivables, Inc.

**Defendant.**

CV 14 6101

**No.**

FEUERSTEIN, J

**CLASS ACTION COMPLAINT**

**JURY DEMANDED**

TOMLINSON, M

**Class Action Complaint for Violations of the Fair Debt Collection Practices Act**

**Introduction**

1. Plaintiff David Concilio ("Plaintiff") file this Class Action Complaint seeking redress for the illegal practices of Defendants in connection with the collection of a debt allegedly owed by the consumer in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

**Parties**

2. Plaintiff David Concilio is a citizen of New York State who resides within this District.

3. Plaintiffs are "consumers" as that term is defined by FDCPA § 1692a(3). Defendant is an unincorporated law firm located in New York.

4. The Schreiber Law Firm PLLC (Schreiber) is a debt collector company. Schreiber regularly uses the mails and telephone in their business which is the collection of debts, and who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another person.

5. Defendant Credigy Receivables, Inc. (Credigy) is a debt buyer. Credigy's principal business is to purchase debt after default and then attempts to collect the debt for a profit. Credigy regularly uses the mails and telephone in their business which is the collection of debts. Credigy regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another person.

6. Defendants are regularly engaged in the collection of debts after default.

7. Defendants are "debt collectors," as defined by FDCPA § 1692a(6).

8. The alleged debt of Plaintiffs is a "debt" as defined by 15 USC 1692a in that it is a debt alleged to be owed for personal, family, or household services. The alleged debt was for the purchase of household and personal products and no part of the alleged debt was incurred for business related items or services. The debt is alleged to be owed for a credit card used for personal purposes.

**Jurisdiction and Venue**

9. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

10. Declaratory relief is available under 28 U.S.C. §§ 2201 and 2202.

11. Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

12. Venue is also proper in this district since Defendants transact business in this district.

## Factual Allegations

13. Defendants allege that Plaintiff defaulted on a credit obligation he had to HSBC Bank. After default, Credigy purchased the debt, and then Credigy and Schreiber attempted to collect the debt.

14. On or about March 3, 2014, Defendants sent an initial letter to Plaintiff, a copy of which is attached as Exhibit A, in an attempt to collect the alleged debt. The full content of Exhibit A is incorporated herein.

15. Exhibit A violates 15 USC 1692g(a) in that it does not effectively conveyed how much the consumer is alleged to owe.

16. Exhibit A is provides the consumer with "Balance Due" of $5,566.90. Exhibit A however then informs the consumer as follows:

> As of the date of this letter, according to our client's directions, the above amount is the total amount of the debt owed. The above however is furnished for statutory purposes and is not to be treated as a payoff. At a later date our client may instruct our firm to collect additional amounts provided for in the aforementioned account agreement or pursuant to state or federal law. Please see reverse side for important information regarding your rights.

17. Exhibit A violates 15 USC 1692g in that it does not effectively inform the consumer how much money the consumer is alleged to owe at that point in time.

18. Exhibit A is false and deceptive in that it falsely indicates that a total of $5,566.90 is owed, but then indicates that Defendants have the right to add additional amounts to the debt later even if the debt is paid in full immediately.

19. Exhibit A violates 15 USC 1692e, 15 USC 1692e, 15 USC 1692e(5), 15 USC 1692f(1) in that Exhibit A threatens to charge the consumer additional fees after the consumer has paid the "Amount Due" presented in the letter.

20. Exhibit A simply does not provide a comprehensible way for a consumer to understand the total amount of the alleged violation. This can lead to a situation where a consumer pays the "Amount Due" to fully satisfy the alleged obligation, only later to be approached again by Defendants for additional undisclosed amounts they now say are still owed. This is in direct violation to 15 USC 1692g which is clearly intended to provide the consumer with the exact amount owed.

21. Collection letters, such as Exhibit A, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer." (*Russell v. Equifax A.R.S.*, 74, F. 3d. 30 (2d Cir. 1996).

22. Exhibit A is a standard form collection letter.

23. Upon information and belief, Defendants sent form letters containing language substantially similar or materially identical to that contained in Exhibit A to hundreds of consumers in New York.

***Class Action Allegations***

24. Under Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

a. Based on the fact that the collection letters at the heart of this litigation are mass-mailed form letters, the classes are so numerous that joinder of all members is impractical.

b. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. These common questions include whether Exhibit A violates the FDCPA.

c. The claims of Plaintiff are typical of the class members' claims. All are based on the same facts and legal theories. The only individual issue is the identification of the consumers who received the letter, (*i.e.*, the class members), which is a matter capable of ministerial determination from the Defendants' records.

d. Plaintiff will fairly and adequately represent the class members' interests. All claims are based on the same facts and legal theories and Plaintiff's interests are consistent with the interests of the class.

e. Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims.

25. A class action is superior for the fair and efficient adjudication of the class members' claims.

26. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k.

27. The class members are generally unsophisticated individuals unaware of the protections afforded them by the FDCPA, which rights will not be vindicated in the absence of a class action.

28. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

29. If the facts are discovered to be appropriate, Plaintiffs will seek to certify a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

30. This Count is brought by Plaintiffs, individually, and on behalf of a class consisting of all persons who, according to Defendant's records: (a) have mailing addresses within New York State; and (b) within one year before the filing of this action; (c) were sent a collection letter in a form materially identical or substantially similar to the letter sent to Plaintiffs, attached as Exhibit A; (d) which was not returned by the postal service as undelivered.

31. Collection letters, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

**Count I**

**Violations of the Fair Debt Collection Practices Act**

32. Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

**The Defendants' Letter**

33. By sending Exhibit A, Defendant violated numerous provisions of the FDCPA, including 15 U.S.C. §§1692 e, e(2), e(3), e(5), e(10),f, f(1), g(a), and g(b).

34. Defendant's violations of 15 U.S.C. §1692, *et seq*., render Defendant liable to Plaintiff.

35. As a result of Defendant deceptive and unfair debt collection practices, Defendant is liable to Plaintiff.

WHEREFORE, Plaintiffs asks that this Court enter judgment in his favor and in favor of the members of the Class, against Defendants, awarding damages as follows:

(A) Statutory damages as provided by § 1692k of the FDCPA;

(B) Attorneys' fees, litigation expenses and costs incurred in bringing this action;

(C) Declaratory relief declaring that Exhibit A violates the FDCPA; and

(D) Any other relief this Court deems appropriate and just.

**Jury Demand**

Plaintiff demands trial by jury.

Dated: West Islip, New York
October 7, 2014

RESPECTFULLY SUBMITTED,

/S/Joseph Mauro

Joseph Mauro, Esq.
The Law Office of Joseph Mauro, LLC
306 McCall Ave.
West Islip, NY 11795
(631) 669-0921

# EXHIBIT A

[illegible] New Hampshire [illegible]

[illegible] Portland, ME 04101 [illegible] Salem, NH 03079 [illegible] Warwick, RI 02[illegible]

[illegible]
[illegible] LN
[illegible]TOWN NY 11756-5740

Re: Credigy Receivables Inc.
Our File No.: 1762367
Original Creditor: HSBC BANK NEVADA NA
Original Creditor's Account No.: 5156250003[illegible]
Amount Due: $5,566.90

[illegible]:

[illegible] Credigy Receivables Inc. regarding the above account. We are sending [illegible] our client. Please direct any future communications to our office. [illegible] information regarding your rights.

[illegible] an attorney with this firm has personally reviewed the particular circumstances of your account [illegible]

[illegible] consumer within thirty (30) days after receipt of the notice, disputes the validity of the debt, or any portion [illegible] the debt will be assumed to be valid by the debt collector. If the consumer notifies the debt collector [illegible] thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification [illegible] a copy of a judgment (if a judgment exists) against the consumer and a copy of such verification or judgment [illegible] mailed to the consumer by the debt collector. Upon the consumer's written request within the thirty-day period [illegible] will provide the consumer with the name and address of the original creditor, if different from the c[illegible]

[illegible] the date of this letter, according to our client's directions, the above amount is the total amount of the debt owed. [illegible] is furnished for statutory purposes and is not to be treated as a payoff. At a later date our client may [illegible] our firm to collect additional amounts provided for in the aforementioned account agreement or pursuant to [illegible]. Please see reverse side for important information regarding your rights.

Very Truly Yours,

James O'Connor
Client Services

**[illegible] SEE REVERSE SIDE FOR IMPORTANT INFORMATION REGARDING YOUR RIGHTS [illegible]**

[illegible] an attempt to collect a debt, any information obtained will be used for that purpose.

[illegible] Courtesy payment voucher – Please detach and mail with payment [illegible]

Re: Credigy Receivables Inc.
Our File No.: 1762367
Original Creditor: HSBC BANK NEVADA [illegible]
Original Creditor's Account No.: [illegible]
Amount Due: [illegible]

## [illegible]

*[illegible] state and/or federal law(s) to notify consumers of [illegible] consumers may have under state or federal laws and regulations.*

[illegible] **Residents:** The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt [illegible] that, except under unusual circumstances, collectors may not contact you before [illegible] may not harass you by using threats of violence or arrest or by using obscene language. Collectors [illegible] false or misleading statements or call you at work if they know or have reason to know that you [illegible] personal calls at work. For the most part, collectors may not tell another person, other than your [illegible] about your debt. Collectors may contact another person to confirm your location or to enforce a [illegible] information about debt collection actives, you may contact the Federal Trade Commission [illegible] HELP or www.ftc.gov. As required by law, you are hereby notified that a negative credit report [illegible] your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your [illegible] obligations.

**Colorado Residents:** A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. FOR MORE INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE http://www.ago.state.co.us/CADC/CADCmain.cfm.html

**New York City Residents:** WE ARE REQUIRED BY LAW TO GIVE YOU THE FOLLOWING WARNING ABOUT PAYMENTS ON THIS DEBT: The Statute of limitations bars a creditor from taking legal action, including [illegible] arbitration, to make you pay this debt. BE AWARE that if you voluntarily pay anything toward this debt, such [illegible] can restart the creditor's right to take legal action to make you pay the entire debt.

**Massachusetts Residents:** You have the right to make a written or oral request that telephone calls regarding your [illegible] not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the debt collector. If you wish to discuss this matter, please call us direct between the hours of 8:00 A.M. and 5:00 P.M. EST at the number listed on the front of this notice. Massachusetts [illegible] office address is: 53 Stiles Road, Suite A102, Salem, NH 03079 with office hours: M-F 8:00 A.M to 5:00

**IMPORTANT INFORMATION ABOUT CREDIT REPORTING**

Our clients may report information about your account to credit bureaus.

[illegible] Law Firm PLLC reserves the right to monitor and/or record telephone calls for training, quality, and [illegible] purposes including calls originated by, or made to The Schreiber Law Firm PLLC. Calling The Schreiber [illegible] PLLC or accepting a call from the office of The Schreiber Law Firm, PLLC constitutes permission to [illegible] conversation.

[illegible] Boulevard, Suite 209, Trevose, PA 19053

[illegible] Monday-Thursday, 8:00am-5:00pm Friday, Saturday 8:00am-12:00pm (EST)

*The Schreiber Law Firm, PLLC*